**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-11639

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

REINALDO MARRERO LARA,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-cr-20169-JEM-4

_____

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

From December 2013 to March 2014, Reinaldo Lara helped plan and execute the kidnapping of an American citizen in Mexico. After he was arrested, Lara pleaded guilty to conspiracy to commit

kidnapping and was sentenced to 192 months' imprisonment followed by a five-year term of supervised release.

After the sentencing guidelines were amended to permit certain first-time offenders to seek sentence reductions, Lara sought to have his sentence reduced. He argued that the new guidelines entitled him to a retroactive 2-point reduction in his offense severity. The district court denied Lara's motion, finding Lara ineligible for sentence reduction under U.S.S.G. § 4C1.1 because he aided and abetted a crime of violence; and, even if he was eligible, reduction was unwarranted under the 18 U.S.C. § 3553(a) sentencing factors. This appeal followed.

We affirm the district court. The district court did not abuse its discretion in finding that the nature and seriousness of Lara's offense, combined with the need for deterrence and the importance of incapacitation to protect the public, justified denying a sentence reduction. [1]

## I.     BACKGROUND[2]

---

[1] The district court's decision rested on two independent grounds: that Lara is ineligible for sentence reduction under U.S.S.G. § 4C1.1, and that the § 3553(a) sentencing factors favor denial. Because we affirm based on the district court's § 3553(a) holding, we need not consider whether Lara was eligible for a sentence reduction. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect.").

[2] The facts set out in this opinion are drawn from the factual proffer accompanying Lara's plea agreement.

In December 2013, Lara and his co-conspirators traveled to Mexico to plan a kidnapping. To aid the conspiracy, Lara rented hotel accommodations as well as the cars used in the kidnapping.

By March 2014, the conspirators were ready to proceed. In Tulum, Mexico, with Lara standing lookout, the other conspirators followed the victim—a U.S. citizen—into a parking garage and captured him, dragged him into a van, bound his hands and feet, covered his head with a hood, and then transported him to a house where they confined him and demanded a ransom. A few days later, Lara helped retrieve the ransom from where it had been left by the victim's father and split it among the conspirators.

In March 2015, a grand jury indicted Lara for conspiracy to kidnap a person in a foreign country, in violation of 18 U.S.C. §§ 956(a)(1) and 1201(a)(1) (Count 1); conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(a)(1) and (c) (Count 2); and kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and (2) (Count 3). Lara pled guilty to conspiracy to commit kidnapping, and as part of Lara's plea agreement, the government dismissed the other two counts.

Lara's presentence investigation report ("PSI") calculated his total offense level at 35.[3] Relevant here, the PSI determined that Lara had a criminal history score of 0, meaning that Lara had no

---

[3] Lara's base offense was calculated as 32 per U.S.S.G. § 2A4.1(a), with a six-level enhancement under U.S.S.G § 2A4.1(b)(1) for the conspirators' ransom demand and a three-level reduction for Lara's acceptance of responsibility under § 3E1.1(a) and (b), resulting in the total offense level of 35.

prior conviction for which a sentence of at least 60 days' imprisonment was imposed. U.S.S.G. § 4A1.1. Lara's guideline imprisonment range was therefore calculated as 168–210 months.

Lara was ultimately sentenced to 192 months' imprisonment followed by a five-year term of supervised release. The sentencing court noted in particular that Lara's behavior was "absolutely reprehensible" and his criminal conduct was a "[h]orrible thing." The sentencing court therefore concluded that "a sentence within the advisory guideline range [was] sufficient to meet [the] statutory requirements which reflect the seriousness of this offense and should deter the defendant from further criminal conduct."

On November 1, 2023, the U.S. Sentencing Commission amended the U.S. Sentencing Guidelines. *See* U.S.S.G. supp. to app. C, amend. 821 (2023). Among other things, Amendment 821 provides a retroactive two-level decrease in the offense level for certain zero-point offenders. A defendant will qualify for a decrease if he meets all ten criteria set out in Amendment 821, including not having received any criminal history points, and not having "use[d] violence or credible threats of violence in connection with the offense." *Id.* (codified at U.S.S.G. § 4C1.1(a)(1), (3) (2023)).

Following the amendment, Lara, proceeding *pro se*, moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 4C1.1, which the government opposed. Lara argued that (a) he was eligible for a sentence reduction as a zero-point

offender and (b) the district court should grant him a reduction because he had "clearly demonstrated favorable post-sentencing conduct" and the § 3553(a) sentencing factors favored relief.

The district court denied Lara's motion. After describing the facts of the crime, it found Lara ineligible for a sentence reduction under § 4C1.1(a)(3) because he aided and abetted a crime of violence. Separately, the district court held that

> "reduction [was] also inappropriate here under the § 3553(a) factors due to the nature and seriousness of the offence, which involved significant planning, international travel, and stalking the Victim and the Victim's family, the need for deterrence, and the importance of protecting the public from further crimes of the Defendant."

Lara now appeals, arguing that the district court erred on both grounds: finding him ineligible for a sentence reduction under § 4C1.1 and finding that the § 3553(a) factors did not justify a reduction.

## II.    DISCUSSION

We review the district court's denial of Lara's motion for a sentence reduction under § 3582(c)(2) for abuse of discretion, *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). We find that the district court did not abuse its discretion in its analysis of the § 3553(a) sentencing factors and denial of Lara's motion on that basis.

Section 3582(c)(2) allows district courts to modify final sentences in certain "limited and narrow" circumstances. *See* 18 U.S.C. § 3582(c)(2); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). When those circumstances exist, a court "may," but is not required to, "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c)(2).

The § 3553(a) factors include (1) the nature and circumstances of the offense conduct and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (10) the need to provide restitution to victims. *Id.* § 3553(a).

Importantly, the weight given to a particular § 3553(a) factor "is committed to the sound discretion of the district court," and the court is not required to give "equal weight" to the § 3553(a) factors. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotations omitted). "We will not second guess the weight given

to a § 3553(a) factor so long as the sentence is reasonable under the circumstances." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).

To begin, the district court's analysis was sufficient. The district court made clear that it considered the § 3553(a) factors, supported its denial with a recitation of relevant facts, and gave "enough analysis that meaningful appellate review of the factors' application can take place." *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021) (quotations omitted).

Moreover, the district court did not abuse its discretion in weighing the facts at issue or in applying them to the § 3553(a) factors. The district court relied on the fact that Lara engaged in significant planning, international travel, and stalking of the victim and the victim's family. The district court also emphasized the violent nature of the kidnapping for ransom and Lara's role in retrieving the ransom and distributing the ill-gotten gains.[4] The district court then applied these facts to the § 3553(a) factors to decide that Lara's criminal conduct, which in Lara's own words was "reprehensible," was serious and worthy of the punishment he received. The district court further concluded that reducing Lara's sentence would undermine the need for deterrence and

---

[4] That the district court did not address Lara's post-conviction conduct is within its discretion because a § 3553(a) analysis need not address all mitigating evidence. *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021).

impermissibly endanger the public by exposing it to potential recidivism.

Finally, the district court did not abuse its discretion in deciding that the weight of the first four factors of the above list of ten justified denying Lara's motion. The weight given to any § 3553(a) factor is committed to the discretion of the district court. *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021). Here, the district court placed significant weight on the severity of Lara's crime and his significant role in its planning and execution. That decision on weighting does not leave us "with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotations omitted).

Lara's argument that the district court should have given greater weight to the sentencing disparity with similarly situated defendants is unpersuasive. Specifically, Lara points out that two of his codefendants received § 4C1.1 sentence reductions. However, he does not explain why his codefendants are appropriate comparators. Conduct that makes a codefendant more culpable than another justifies a disparity, which is why this Court has explained that "disparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." *United States v. Cavallo*, 790 F.3d 1202, 1237 (11th Cir. 2015) (internal quotations omitted); *see United States v. Cabezas-Montano*,

949 F.3d 567, 612 (11th Cir. 2020) (explaining that a defendant "who admitted to being the vessel's captain" was "more culpable" and appropriately received a higher sentence than his codefendant). The codefendants Lara identifies had a materially more limited role in the conspiracy than he did, and thus the district court did not abuse its discretion in giving little weight to this factor.

## III.    CONCLUSION

The district court did not abuse its discretion in finding that the § 3553(a) sentencing factors made reduction of Lara's sentence inappropriate.

**AFFIRMED.**